Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 29 November 1999 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The parties are properly before the Industrial Commission, and the Commission has jurisdiction of the parties and the subject matter.
3. An employment relationship existed between plaintiff-employee and defendant-employer at the time of the alleged injury.
4. Janet Locklear is engaged in the construction business of hanging and finishing drywall.
5. Plaintiff has not worked for defendant-employer since the date of his alleged injury by accident, and he has received no benefits from defendants as a result thereof.
6. Plaintiffs average weekly wage is to be determined pursuant to a Form 22 Statement of Days Worked and Earnings of Injured Employee should this case be found compensable.
7. In addition to the deposition transcripts, the parties stipulated into evidence stipulated exhibit one, a packet of plaintiffs medical records, and stipulated exhibit two, the subpoenas issued in this case.
8. The issues before the Deputy Commissioner were whether plaintiff sustained a compensable injury by accident to his back on 14 March 1997, and if so, to what benefits he is entitled. Plaintiff contends that he is permanently and totally disabled. Defendants contend plaintiff gave insufficient notice under the Act.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 14 March 1997, plaintiff was employed by Janet Locklear as a drywall finisher. On that date, plaintiff rode with Janet Locklear and her husband, Herbert Locklear, to the work site in Whispering Pines. Sheet-rock mud had been delivered, and the work crew was already there to tape the house.
2. Plaintiff and the Locklears arrived at the house at approximately 11:00 a.m. and worked until approximately 4:30 p.m. Plaintiff contends that while he was at work that day, he slipped on wet clay as he held two buckets of sheet-rock mud. Plaintiff alleges that he twisted his back when he fell. There were no witnesses to the fall. Janet Locklear drove plaintiff home after work that day and at no time did he complain to her that he had injured his back.
3. The next day, plaintiff worked at another work site near Clayton. Again, plaintiff did not report to the Locklears that he had hurt his back in any way.
4. When Janet Locklear arrived to drive plaintiff to work on 17 March 1997, plaintiffs girlfriend informed Ms. Locklear that plaintiff would not be able to work because he had been thrown by a horse.
5. On 23 March 1997, plaintiff told Herbert Locklear that his back was hurt and he did not have medical insurance. Plaintiff asked Mr. Locklear if he could file an insurance claim for an on-the-job accident. When Mr. Locklear informed him that he could not file the claim, plaintiff suggested that he would split the insurance money with him.
6. One of plaintiffs coworkers, Nick Lowery, testified at the hearing before the Deputy Commissioner that he was at the job sites with plaintiff on 14 March 1997 and 15 March 1997. Plaintiff never told Mr. Lowery that he had hurt his back on the job.
7. Plaintiffs medical records reflect that he first sought medical treatment on 24 March 1997, approximately ten days after he allegedly injured his back on 14 March 1997. Plaintiff gave a history of back pain that began the previous Friday, or 21 March 1997. Defendant-employers work records reflect that plaintiff was paid for working full days on both 14 March 1997 and 15 March 1997.
8. After plaintiffs medical treatment, he returned to work in November 1997 remodeling houses for Donald Locklear. He also worked as a painter and putting vinyl siding on houses for Joe Locklear. As of the date of the hearing before the Deputy Commissioner, plaintiff had been doing maintenance work since March 1999 for Maggie Hunt.
9. On 15 March 1998, approximately four months after being released to return to work, plaintiff sustained an unrelated injury to his right hand while working on a four-wheeler. He also fell on 29 March 1998 and landed on his coccyx. Dr. Rice agreed that these two incidents could or might have aggravated his bulging disc at L4-5 and necessitated further treatment.
10. The medical records reflect different versions as to the source of plaintiffs problems. The Moore Regional Hospital Emergency Room records from 24 March 1997 report that plaintiff injured his back on the previous Friday, 21 March 1997, after lifting two buckets of mud. Plaintiff also reported this history to the doctors at Sand Hill Orthopedics and Spine Clinic on 24 April 1997, but this time he gave an onset date of 14 March 1997. The Moore Regional Hospital Emergency Room records from 14 April 1997 report that plaintiff had a one and a half month acute onset of pain in his back after lifting sheet-rock at work.
11. The greater weight of the evidence fails to prove that plaintiff sustained a back injury on 14 March 1997 as the result of either a specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of his employment.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident on 14 March 1997 arising out of and in the course of his employment with defendant-employer as a direct result of a specific traumatic incident of the assigned work. G.S. 97-2(6).
2. Plaintiff is not entitled to compensation benefits under the Act. G.S. 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation benefits under the Act is DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER